## Charles Johnson, Appellee, v. Melchoir Leipold and Robert C. Gould, Appellants.

### (Not to be reported in full.)

Appeal from the Circuit Court of Wabash county; the Hon. J. C. EAGLETON, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 13, 1917.

### Statement of the Case.

Action by Charles Johnson, plaintiff, against Melchoir Leipold and Robert C. Gould, defendants, to recover damages for failure to carry out an agree-

ment for exchange of property. From a judgment for plaintiff for $1,200, defendants appeal.

Howard P. French and T. G. Risley, for appellants.

J. E. McGaughey and Noah M. Tohill, for appellee.

Mr. Justice Higbee delivered the opinion of the court.

## Abstract of the Decision.

**1. Appeal and error**, § 1411*—*when verdict of jury not disturbed on appeal.* In an action to recover damages for failure to carry out an agreement for exchange of property, where it appeared that plaintiff had agreed to turn over his stock of groceries, etc., to the defendants for sixty acres of land claimed to be owned by one of them; that plaintiff turned over the stock, and that the deed to plaintiff gave no title to any of the land to plaintiff, and defendants contended that after the mistake was discovered new deeds were executed and tendered to plaintiff but refused by him, *held* that all of such facts were raised by the pleadings and were denied by plaintiff and presented questions of fact to be determined by the jury, and, as the evidence was conflicting, their verdict in favor of plaintiff should not be disturbed.

**2. Damages**, § 236*—*when defendants precluded from complaining as to the measure of damages on appeal.* In an action to recover damages for failure to carry out an agreement for exchange of property, under which plaintiff was to turn over a stock of groceries, etc., for certain land claimed to be owned by the defendants, where plaintiff turned over the stock, and the deed from defendants did not convey the land, and, at the trial, counsel agreed that the measure of damages was the value of the land, and the trial court was governed in its rulings by such agreement, *held* that the defendants could not be heard to complain of the measure of damages adopted by their consent or admission.

**3. Principal and agent**, § 8*—*when evidence insufficent to show agency.* In an action against two defendants to recover damages for failure to carry out an agreement for exchange of property where defendants contended that no joint liability was shown and that one of the defendants was merely acting as agent for the other,

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

negotiations between the defendants leading up to the making of the agreement in question reviewed, and *held* that the facts did not prove agency as claimed, but established that the transaction was under some kind of an arrangement and understanding between the defendants.

4. PLEADING, § 3*—*when plea denying joint liability is essential.* A plea denying joint liability is requisite to entitle parties to defend on the ground of not being jointly liable.

5. APPEAL AND ERROR, § 1240*—*when party may not complain of variance.* If a party defendant induces the court to declare to the jury the rules of law applicable to the state of facts disclosed by the evidence, and to direct them to return a verdict in accordance with his legal rights under such state of facts, he cannot complain that the facts proven were not within the scope of the allegations of the declaration.